UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA ALEXANDER, as Personal
Representative for the Estate of SHARDAY
DAVIS,                                                    Case No. 07-12385

            Plaintiff,                                    Honorable John Corbett O'Meara

v.

ERNEST LEE BROCKMAN, CITY OF
SOUTHFIELD, OFFICER DAVID
McCORMICK, and OFFICER JASON
SCHNEIDER,

            Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter came before the court on Defendants' May 5, 2008  motion for summary

judgment.  Plaintiff filed a response June 9, 2008; and Defendants filed a reply June 18, 2008.  Oral

argument was cancelled on August 28, 2008, and the court has decided that the briefs are a sufficient

basis on which to base its decision.  For the reasons explained below, this court grants Defendants'

motion for summary judgment.

## FACTUAL BACKGROUND

On May 12, 2005 at around 8:30 in the evening, Plaintiff Sharday Davis was killed, an

innocent bystander to a high speed police chase between Defendant Ernest Brockman and

Defendant Southfield Police Officers David McCormick and Jason Schneider.  At the time,

McCormick and Schneider were chasing Brockman as a result of an investigation into drug

dealing.  The chase began in Southfield and ended in Westside Detroit when Brockman missed a

stop sign and slammed into Davis' vehicle, at speeds of almost 100 miles per hour. Davis died shortly thereafter at Sinai Grace hospital.

## LAW AND ANALYSIS

The substantive due process rights of the Fourteenth Amendment protect citizens from the arbitrary exercise of governmental power. Count of Sacramento v. Lewis, 523 U.S. 833, 945 (1998). The United States Supreme Court has determined that the test to be applied is whether the alleged conduct "shocks the conscience." Id.. at 847-50. However, "in a rapidly evolving, fluid, and dangerous predicament which includes the luxury of calm and reflective pre-response deliberation . . . public servants' reflexive actions shock the conscience only if they involve force employed 'maliciously and sadistically for the very purpose of causing harm' rather than 'in good faith effort to maintain or restore discipline.'" Darrah v. City of Oak Park, 255 F.3d 301, 306 (6th Cir. 2001) (citations omitted). Therefore, "when unforeseen circumstances demand an officer's instant judgment" -- in situations such as a high speed chase -- a showing that an officer's recklessness caused plaintiff's injury is insufficient to support a substantive due process claim. Lewis, 523 U.S. at 853. The Court held that "in a high-speed automobile chase aimed at apprehending a suspected offender . . . only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a [substantive] due process violation. Id. at 836.

The Sixth Circuit recently addressed a case similar to this in which two innocent third parties died as a result of a high speed chase. In Meals v. City of Memphis, 493 F.3d 720 (6th Cir. 2007), Defendant City of Memphis had a written policy prohibiting police pursuits when the suspect is wanted only for a traffic violation. Despite this policy, the Defendant officer in Meals

allowed a routine traffic stop to dissolve into a high speed chase which resulted in the offender's car crossing into oncoming traffic, striking a vehicle, and killing two innocent third parties.

The trial court denied summary judgment based on qualified immunity, but the Sixth Circuit reversed the decision. Despite the violation of city policy, the court held that Plaintiff was unable to point to any evidence to establish the required intent to harm.

> It is clear from the record that Officer King did not intentionally cause [the suspect's vehicle to crash. Moreover, Officer King argues persuasively that even when the facts are viewed in the light most favorable to the appellee, they do not meet the shocks-the-conscience test. Although the police expert, Mr. Waller, opined that the pursuit reached an unacceptable level when [the suspect] crossed into oncoming traffic . . . and despite the fact that Officer King violated the police pursuit policy, the record does not establish that Officer King intended to harm the occupant of the vehicle being pursued -- or the victims of her actions.

Id. at 730. The court concluded, "in the absence of evidence from which a reasonable jury could infer a purpose to cause harm unrelated to the legitimate object of the case, the evidence does not satisfy the requisite element of arbitrary conduct shocking the conscience." Id.

Similarly, Defendants' conduct in this case does not shock the conscience. Plaintiff alleges that the officers' high speed pursuit caused the death of decedent Davis. This court in no way condones Defendants' decisions. To say the least, they were negligent. But the fact remains that McCormick and Schneider's decisions and actions did not cause Davis' death. It is clear from a video recording of the chase that no reasonable jury could find that Officers McCormick and Schneider intended Brockman's vehicle to crash into Davis as it is clear that the officers were far behind Brockman's vehicle when it slammed into Davis' car. Even if, in arguendo, this court were to accept as true Plaintiff's version of the facts, there is no basis for finding that McCormick and Schneider's actions were malicious or sadistic for the purpose of causing harm to either Brockman or Davis. This matter lacks any evidence to support such an allegation against the

officers, and without it, a reasonable jury could not find that Defendant Officers' actions meet the "shocks the conscience" standard.

As for the allegations against Defendant City of Southfield, this court cannot hold Southfield accountable for the actions of its officers when the officers cannot be held liable for their own actions. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1996); Jones v. Reynolds, 438 F.3d 685, 698 (6th Cir. 2006); Scott v. Clay County, 205 F.3d 867, 879 (6th Cir. 2000). Because Plaintiff cannot prove that the individual officers violated Davis' constitutional rights, she cannot hold the City of Southfield liable under 42 U.S.C. § 1983.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for summary judgment filed on May 5, 2008, is GRANTED.

**SO ORDERED.**


s/John Corbett O'Meara
United States District Judge


Date:  September 2, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 2, 2008, by electronic and/or ordinary mail.


s/William Barkholz
Case Manager